AO 91 (Rev. 02/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

United States Courts
Southern District of Texas
FILED

*December 15, 2017*

David J. Bradley, Clerk of Court

| United States of America | ) | |
| --- | --- | --- |
| v. | ) | |
| Reginald Desean Love | ) | Case No. |
| | ) | **H 17-1904M** |
| | ) | |
| *Defendant* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of  09/16/2017  in the county of  Harris  in the  Southern  District of  Texas  , the defendant violated  Title 18  U. S. C. §  2251(a) and 1591(a)  , an offense described as follows:

Reginald Desean Love did employ, use, persuade, induce, entice, or coerce a person under the age of eighteen to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce by any means; and did cause a person who had not attained the age of 18 years to engage in a commercial sex act and benefited financially or by receiving anything of value.

This criminal complaint is based on these facts:
See attached Affidavit in Support of Criminal Complaint.

☑ Continued on the attached sheet.

*Complainant's signature*

Christopher Rainwater, Special Agent, DPS
*Printed name and title*

Sworn to before me and signed in my presence.

Date:    12/15/2017

*Judge's signature*

City and state:        Houston, Texas           Dena Hanovice Palermo, U. S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

1.     This affidavit is made in support of the Criminal Complaint of Reginald Desean Love. Your Affiant, Special Agent Christopher Rainwater, is a Peace Officer employed by the Texas Department of Public Safety and has reason to believe that Reginald Desean Love is in violation of Title 18, United States Code, Section 1591(a), sex trafficking of children, and Title 18, United States Code, Section 2251(a), Production of Child Pornography.

2.     Affiant is currently employed as a Special Agent by the Texas Department of Public Safety. Affiant is assigned to the Criminal Investigations Division / Human Trafficking, which is responsible for the investigation of Human trafficking-related crimes. Affiant has been a law enforcement officer for some 7 years. Affiant has extensive training and experience in the field of criminal investigation, and holds a Peace Officer certificate from the Texas Commission on Law Enforcement. Affiant has conducted numerous investigations while assigned to the Criminal Investigations Division / Human Trafficking for over 2 years.

3.     The facts contained in this affidavit are based upon information of my own personal knowledge, observations and/or facts related to me by other agents of DPS and/or other law enforcement personnel involved in this investigation. Because this affidavit is being submitted for the limited purpose of establishing probable cause for this arrest, the affidavit may not contain every fact known to me during the course of this investigation.

4.     On September 17, 2017, Affiant was called to investigate a missing and endangered juvenile recovered and transported to Memorial Hermann Hospital in Houston, TX. Affiant spoke with the juvenile identified as A.R., a person younger than eighteen years of age (hereafter A.R.). A.R. detailed events occurring from approximately August 21, 2017 until September 16, 2017. A juvenile friend contacted A.R. on the social media site INSTAGRAM. A.R. left A.R.'s residence in La Marque, TX. A.R. entered a red Dodge Journey occupied by a juvenile female and a black male identified as Reginald Desean Love, (hereafter LOVE). A.R. accompanied LOVE and the juvenile female to a motel in southwest Houston. A.R. informed Affiant that LOVE forced A.R. to perform oral sex shortly after arriving at the motel. On multiple occasions A.R. awoke to LOVE having vaginal intercourse with A.R.

5.     A.R. informed Affiant that on the first day with LOVE, approximately August 22, 2017, LOVE instructed A.R. to purchase "sexy" clothing and dye A.R.'s hair to alter A.R.'s identity. LOVE instructed A.R. to provide the alias of Brooklyn Baker with a date of birth implying A.R. was nineteen (19) years old in the event A.R. was approached by law enforcement. A.R. informed Affiant that LOVE instructed A.R. to engage in prostitution by walking the "track," on Bissonnet Street in Houston, TX in Harris County. Affiant knows the "track" to be a common area where prostitution occurs. LOVE instructed A.R. to abide by the "rules" LOVE imposed on prostitutes to include bringing the proceeds from prostitution dates directly to LOVE and what prices A.R. would be expected to charge clients for sexual services. Affiant knows that "pimps"

often establish "rules" for prostitutes, including behavior around other pimps and how to deliver the money earned from prostitution dates. A.R. informed Affiant that A.R. performed numerous prostitution dates under the direction of LOVE to earn money. A.R. informed Affiant that LOVE would distribute condoms to A.R. utilize in prostitution. LOVE would assign a dollar amount for each condom. A.R. informed Affiant that LOVE would not allow A.R. to return to the hotel room unless the specific amount of money was made from prostitution.

6. A.R. stated that LOVE purchased a cell phone and gave it to A.R. The cell phone was linked to LOVE's phone and LOVE would assist in coordinating prostitution dates. A.R. stated that the motel rooms were also used to perform prostitution dates. A.R. informed Affiant that all of the monies earned from prostitution were given directly to LOVE.

7. A.R. informed Affiant that LOVE possessed a black semi-automatic pistol. LOVE brandished the pistol in the presence of A.R. multiple times and on one occasion, LOVE pointed the pistol at A.R. and fired the pistol near A.R.'s body in a motel parking lot. A.R. informed Affiant that LOVE fired the pistol while yelling at A.R. and threatening A.R. not to be disrespectful. A.R. observed LOVE fire the pistol when angry on multiple occasions. A.R. informed Affiant that A.R. was in fear of A.R.'s life due to LOVE having the gun on his person at all times.

8. A.R. informed Affiant that during the period A.R. spent with LOVE, every night was spent in multiple different motel rooms in the Southwest Houston area. A.R. stated that during the time period A.R. was missing LOVE recorded a video utilizing A.R.'s cell phone in a motel room. The video, which Affiant has observed, depicts multiple females, including A.R. performing oral sex on each other. A.R. informed Affiant that LOVE posted the video on the social media site "Instagram".

9. Based on my experience and the aforementioned facts, the affiant believes there is probable cause to believe that on or about August 21, 2017 until September 16, 2017, Reginald Desean Love did produce child pornography in violation of Title 18, United States Code, Section 2251(a), and engage in sex trafficking of a child under eighteen years old in violation of Title 18, United States Code, Section 1591(a)

Christopher Rainwater, Special Agent
Texas Department of Public Safety

Sworn to and subscribed before me and I find probable cause on this the 15th day of December, 2017

DENA HANOVICE PALERMO, U. S. Magistrate Judge